UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION



******************************************************************************

MICHAEL ANGEL AGUIRRE,

Petitioner,

-vs-

UNITED STATES OF AMERICA,

Respondent.

CIV 13-1007
CR 12-10020

OPINION AND ORDER

******************************************************************************

Petitioner pleaded guilty to possession of a firearm by an unlawful user of a controlled substance. A charge of possession of a firearm by a person subject to a court restraining order was dismissed as part of a plea agreement. Petitioner was sentenced on November 5, 2012, to 12 months custody, a downward departure from the his 15-21 month range on the basis of Guidelines § 5K2.16, voluntary disclosure of offense. Petitioner did not appeal his conviction or sentence, having waived the right to do so as part of a plea agreement.

Petitioner filed a motion to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255, contending that he received ineffective assistance of counsel because counsel 1) failed to file a motion to suppress, 2) failed to advise him that the government would not be able to meet its burden of proof at a trial, and 3), failed to challenge the Guidelines range. I have conducted a preliminary review of the petition as required by Rule 4 of the Rules Governing Section 2255 Cases in the United States District Courts.

## DECISION

The standards for evaluating ineffective assistance of counsel claims are well settled.

> We evaluate claims of ineffective assistance of counsel under the familiar standard established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under Strickland, a § 2255 movant must establish (1) that counsel's representation was deficient and (2) that he suffered prejudice as a result. *Theus v. United States*, 611 F.3d 441, 446 (8th Cir. 2010). "Deficient performance is that which falls below the range of competence demanded of attorneys in criminal cases." *Id.* (quotation omitted). Prejudice requires the movant to establish "a

> reasonable probability that, but for counsel's unprofessional errors, the
> result of the proceeding would have been different. A reasonable
> probability is a probability sufficient to undermine confidence in the
> outcome." *Strickland*, 466 U.S. at 694, 104 S.Ct. 2052.

Bass v. United States, 655 F.3d 758, 760 (8th Cir. 2011). The United States Supreme Court has reminded us that "[s]urmounting Strickland's high bar is never an easy task." Premo v. Moore, 131 S.Ct. 733, 739 (2011). "[T]he Strickland standard must be applied with scrupulous care, lest 'intrusive post-trial inquiry' threaten the integrity of the very adversary process the right to counsel is meant to serve." Premo v. Moore, 131 S.Ct. at 740 (*quoting* Strickland, 466 U.S. at 689-90).

## I. Failure to File Motion to Suppress.

Petitioner contends that trial counsel was ineffective in failing to move to suppress evidence gained in a search of his residence. "Failure to file a meritorious motion to suppress can constitute ineffective assistance of counsel if it resulted in prejudice." Eastin v. Hobbs, 688 F.3d 911, 915 (8th Cir. 2012) (*citing* Kimmelman v. Morrison, 477 U.S. 365, 375, 106 S.Ct. 2574, 91 L.Ed.2d 305 (1986)). However, failure to file a frivolous motion to suppress can never constitute ineffective assistance of counsel.

The facts, as set forth in the presentence investigation report, which petitioner did not object to, and the criminal file show that on August 9, 2011, the petitioner was being investigated by the Watertown, South Dakota, police department in connection with the distribution of drugs. Officers went to his home and asked for consent to conduct a search. He declined to give his consent. He later went to the police department and admitted that he used marijuana and had marijunana and a handgun at his residence. Thereafter, he and the police returned to his residence where he directed officers to the location of the marijuana and the handgun.

A search conducted without a warrant is valid if conducted pursuant to the knowing and voluntary consent of the person subject to the search. United States v. Cedano–Medina, 366 F.3d 682, 684 (8th Cir. 2004). I have been a federal district court judge for over 17 years and have presided over many cases wherein suppression of evidence was an issue. There is no reasonable probability that a motion to suppress would have been granted under the circumstances present in

2

this case. Counsel was not ineffective in failing to file a motion to suppress because no motion to suppress would have been granted.

## II. Ineffective Advice to Plead Guilty.

Petitioner contends counsel was ineffective in failing to advise him that the government would not be able to meet its burden of proof at a trial. He has, in essence, alleged ineffective assistance of counsel in persuading him to enter into the plea agreement.

A guilty plea is constitutionally valid only if it is made "voluntarily and intelligently." Bousley v. United States, 523 U.S. 614, 618, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). The United States Supreme Court has set forth the standard as to voluntariness:

> A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes).

Brady v. United States, 397 U.S. 742, 755, 90 S.Ct. 1463, 1472, 25 L.Ed.2d 747 (1970). Petitioner was fully advised by me of the consequences of pleading guilty. I found on the record at the plea hearing that his plea was voluntary. Nothing in the motion to vacate shows otherwise.

A plea is intelligently made where the petitioner "was advised by competent counsel, he was made aware of the nature of the charge against him, and there was nothing to indicate that he was incompetent or otherwise not in control of his mental faculties." Brady, 397 U.S. at 756, 90 S.Ct. at 1473.

> Often the decision to plead guilty is heavily influenced by the defendant's appraisal of the prosecution's case against him and by the apparent likelihood of securing leniency should a guilty plea be offered and accepted . . . The rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to later attack if the defendant did not correctly assess every relevant factor entering into his decision. A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action.

3

Brady, 397 U.S. at 756-57, 90 S.Ct. at 1473. I specifically advised petitioner at the change of plea hearing that, at a trial, the government would be required to prove all the elements of the charges beyond a reasonable doubt. I found at the change of plea hearing that petitioner's plea was intelligently made and there is nothing in the original record or the current record to contradict my finding.

To support a claim of ineffective assistance of counsel in improperly persuading petitioner to plead guilty, a two prong test must be met. "To succeed on this claim, [petitioner] must show ineffective assistance--that counsel's representation fell below an objective standard of reasonableness--and prejudice–"a reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial." Wilcox v. Hopkins, 249 F.3d 720, 722 (8th Cir. 2001) (*quoting* Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)).

Petitioner "must overcome 'strong presumptions' of counsel's competence and of the voluntariness of his guilty plea based on his representations at the plea hearing." Ramey v. United States, 8 F.3d 1313, 1314 (8th Cir. 1993). Counsel's advice to enter a plea of guilty to only one of the charges reduced his maximum custodial exposure from 20 years to ten years. The record is clear that the petitioner, at the time he possessed the handgun, was subject to a state court protection order. The record is also clear that he admitted to being a user of a controlled substance, marijuana, and admitted to having possession of a handgun. I practiced law for over thirty years prior to my appointment to the federal bench. I have been a federal judge for over 17 years and have seen many cases of unlawful possession of a firearm. I cannot imagine what defense trial counsel could have raised to defend the charges. There is no question that the government could have presented evidence at a trial which would have supported verdicts of guilty beyond a reasonable doubt. Counsel's advice to plead guilty to one count of the indictment was certainly within the range of competence under the circumstances present.

Petitioner's representations during the plea hearing "carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" Bramlett v. Lockhart, 876 F.2d 644, 648 (8th Cir. 1989) (*citing* Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir.1985) (quoting Blackledge v. Allison, 431 U.S. 63, 73, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136

4

(1977))). Petitioner signed a factual basis statement wherein he admitted the conduct set forth in Count II of the indictment. During the change-of-plea hearing, he twice testified under oath that the factual basis statement was true and correct. Petitioner has not set forth facts showing that he would have gone to trial and would have denied his conduct but for counsel's alleged ineffectiveness. Petitioner has not satisfied the second prong of Strickland.

### III. Failure to Challenge the Guidelines Calculation.

Petitioner claims that counsel was ineffective in failing to challenge the Guidelines range He has not identified any particular enhancement that was applied which should not have been applied. The motion fails to set forth "sufficient allegations of facts which, if true, would justify relief." *See* Smith v. United States, 635 F.2d 693, 696 (8th Cir. 1980). "Merely stating unsupported conclusions will not suffice." Woods v. United States, 567 F.2d 861, 863 (8th Cir. 1978).

Petitioner's base offense level was calculated pursuant to § 2K2.1. There is no reasonable argument that the correct guideline was not applied. He received no enhancements and his base offense level was reduced for acceptance of responsibility. Counsel filed objections, including objections to the criminal history score and a request for a downward departure. I determined the length of petitioner's sentence. I did so taking into account the Guidelines calculations, which I determined independently by considering the presentence report, the factual basis statement, and the file. Any alleged failure by defense counsel to properly object to the Guidelines range played no role in the sentence the petitioner received. Petitioner has not demonstrated that counsel was ineffective or that he suffered prejudice in conjunction with the determination of the Guidelines range.

### ORDER

Summary dismissal is appropriate pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Now, therefore,

IT IS ORDERED:

1. Petitioner's motion, Doc. 1, to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255 is denied.

5

2. Petitioner's motion, Doc. 2, to require the government to file an answer is denied.

Dated this 17th day of April, 2013.

BY THE COURT:

*[signature]*
CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, Clerk

BY: *[signature]*
DEPUTY
(SEAL)